**UNITED STATES of America,**
**Appellee,**

v.

**Carl FULLER and Willie Austin, also known as Shocky, Defendants Appellants.**

**Nos. 00–1101, 00–1103.**

United States Court of Appeals, Second Circuit.

March 7, 2001.

David E. Liebman, N.Y., NY, for appellant Fuller.

Joyce B. David, N.Y., NY, for appellant Austin.

Dwight Holton, Ass't U.S. Att'y, EDNY, N.Y., NY, for appellee.

Present KEARSE, McLAUGHLIN, and STRAUB, Circuit Judges.

### SUMMARY ORDER

These causes came on to be heard on the record from the United States District Court for the Eastern District of New York, and were argued by counsel for appellant Fuller and appellee, and submitted by counsel for appellant Austin.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgments of said District Court be and they hereby are affirmed.

Defendants Carl Fuller and William Austin appeal from judgments entered in the United States District Court for the Eastern District of New York following a jury trial before I. Leo Glasser, *Judge,* convicting them of conspiring to transport stolen vehicles, in violation of 18 U.S.C. § 371, and sentencing them principally to prison terms of 51 and 37 months, respectively, with each prison term to be followed by a three-year period of supervised release. On appeal, Fuller and Austin contend principally that the evidence was insufficient to support their convictions, that the trial court's instructions to the jury impermissibly amended the indictment, that the court made various errors in calculating their respective sentences under the Sentencing Guidelines ("Guidelines"), and that they were entitled to have the jury determine the value of the vehicles used to calculate their sentences. Finding no merit in their contentions, we affirm.

Defendants challenge the sufficiency of the evidence to support their convictions, arguing that the government's only proof of their roles in the conspiracy was testimony from cooperating witnesses who at times offered contradictory or conclusory statements, and that there was no other evidence to corroborate that testimony. We reject this challenge. Lack of corroboration goes to the weight of the evidence, not to its sufficiency, *see, e.g., United States v. Roman,* 870 F.2d 65, 71 (2d Cir.), *cert. denied,* 490 U.S. 1109, 109 S.Ct. 3164, 104 L.Ed.2d 1026 (1989), and "the weight of the evidence is a matter for argument to the jury, not a ground for reversal on appeal," *United States v. Giraldo,* 80 F.3d 667, 673 (2d Cir.), *cert. denied,* 519 U.S. 847, 117 S.Ct. 135, 136 L.Ed.2d 83 (1996); *see, e.g., United States v. Roman,* 870 F.2d at 71. In assessing the weight of the evidence, the jury is free to credit all or part of the testimony of a given witness, *see, e.g., United States v. Gleason,* 616 F.2d 2, 15 (2d Cir.1979), *cert. denied,* 444 U.S. 1082, 100 S.Ct. 1037, 62 L.Ed.2d 767 (1980); and in reviewing the defendant's sufficiency challenge, we must view the evidence in the light most favorable to the government, *see, e.g., United States v. Badalamenti,* 794 F.2d 821, 828 (2d Cir.1986), and "defer to the jury's determination of the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence," *United States v. Morrison,* 153 F.3d 34, 49 (2d Cir.1998). In the present case, the testimony of three cooperating witnesses and one confidential informant, which the jury was entitled to credit, was ample to show that Fuller and Austin discussed stealing cars and regularly brought stolen cars to another coconspirator for, *inter alia,* alteration of their VINs and security features. Accordingly, their sufficiency challenge has no merit.

■ We also reject defendants' contention that the district court's instructions to the jury constituted an impermissible amendment of the indictment. Such an amendment may occur when the trial judge instructs the jury in a way that, either literally or constructively, so alters the indictment's terms as to create a substantial likelihood of the defendant's conviction of a crime with which he was not charged. *See, e.g., United States v. Vebeliunas*, 76 F.3d 1283, 1290 (2d Cir.1996); *United States v. Helmsley*, 941 F.2d 71, 89 (2d Cir.1991), *cert. denied*, 502 U.S. 1091, 112 S.Ct. 1162, 117 L.Ed.2d 409 (1992). Fuller and Austin contend that the district court instructed the jury that it could find them guilty of conspiracy if it found they took part in running a chop shop, an offense with which they were not charged in the indictment. Neither Fuller nor Austin objected at trial to the court's instruction. Thus, their present contention is reviewable only for plain error, *i.e.*, an error that prejudicially affected their "substantial rights" and "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings," *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotation marks omitted); *see United States v.. Bayless*, 201 F.3d 116, 127–28 (2d Cir.2000); Fed.R.Crim.P. 52(b). We see no such error here. The paragraph of the conspiracy count that alleged that operation of a chop shop was one of the objectives of the conspiracy identified four individuals, not including Fuller and Austin, as maintaining that operation. The court read the indictment to the jury and provided it to the jury during its deliberations. Neither the evidence at trial nor the government's arguments suggested that Fuller and Austin had any role in running the chop shop; rather, Fuller and Austin were described solely as car thieves who brought the stolen cars to others who ran the chop shop.

Given the record as a whole, we cannot conclude that the rights of Fuller and Austin were seriously affected by the trial court's instructions.

■ Fuller and Austin make several challenges to their sentences. First, they contend that, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), they were entitled to have the value of the vehicles used to calculate their sentences determined beyond a reasonable doubt by a jury. Since the sentences imposed on these defendants were below the statutory maximum, and the value of the stolen vehicles did not trigger a mandatory minimum, their value was a question properly decided by the sentencing judge, without need for a jury determination. *See United States v. Garcia*, 240 F.3d 180, 183–84 (2d Cir.2001). *Apprendi* is inapplicable.

■ In addition, defendants contend that the district court erred in calculating their sentences based on the total value of all the cars dealt in by the conspiracy, rather than just the cars each of them stole. We disagree. The Guidelines require that, in the case of conspiratorial activity, a defendant's offense level be calculated on the basis of both his own acts and "all reasonably foreseeable acts" of others in furtherance of the conspiracy. Guidelines §§ 1B1.3(a)(1)(A) & (B); *see, e.g., United States v. Studley*, 47 F.3d 569, 574–75 (2d Cir.1995). The district court properly applied this provision to Fuller and Austin. Although the court did not make findings of fact with respect to Austin and Fuller separately, the two were convicted of playing identical roles in the conspiracy, and we cannot conclude that either was prejudiced by the lack of discrete findings.

■ Finally, there is no merit in Fuller's contention that he was entitled to a

downward adjustment in offense level pursuant to Guidelines § 3B1.2(a) for having played a minimal role in the stolen-car conspiracy. Stealing the cars for such an operation is hardly a minimal role.

We have considered all of defendants' contentions on these appeals and have found them to be without merit. The judgments of conviction are affirmed.