# United States Court of Appeals
## For the First Circuit

No. 07-1046

ARCAM PHARMACEUTICAL CORPORATION,

Plaintiff, Appellant,

DANIEL PAGÁN; INGRID LLORÉNS-ORLANDI; CONJUGAL PARTNERSHIP PAGÁN-
LLORÉNS; ERNESTO VILANOVA-VÉLEZ; MIRTA MORALES-MATOS; CONJUGAL
PARTNERSHIP VILANOVA-MORALES; CRISTINO AGOSTO-REYES; IRIS
HERNÁNDEZ-GONZÁLEZ; CONJUGAL PARTNERSHIP AGOSTO-HERNÁNDEZ; MARTIN
SOUTO; CARMEN DÍAZ-RODRÍGUEZ; CONJUGAL PARTNERSHIP SOUTO-DÍAZ;
CHRISTOPHER MOLINA; CARMEN VÁZQUEZ-BERMÚDEZ; CONJUGAL PARTNERSHIP
MOLINA-VÁZQUEZ,

Plaintiffs,

v.

ANTONIO FARÍA; VILMA PELLOT; BANCO DE DESARROLLO ECONÓMICO PARA
PUERTO RICO,

Defendants, Appellees,

SILA MARÍA CALDERÓN, in her official capacity as Governor of
Puerto Rico; RAMÓN CANTERO-FRAU; CONJUGAL PARTNERSHIP CANTERO-
CALDERON,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Torruella and Howard, Circuit Judges,
and Smith,[*] District Judge.

[*] Of the District of Rhode Island, sitting by designation.

_____

      José A. Ocasio-Robles and Ocasio-Robles Law Offices, P.S.C. on
brief for appellant.
      Pedro Santiago-Rivera and Reichard & Escalera on brief for
appellees.

_____

December 26, 2007

_____

**SMITH**, <u>District Judge</u>.  When this case was last before us, we stated unequivocally that the Complaint in this matter failed to state any viable constitutional claims.  <u>Pagán</u> v. <u>Calderón</u>, 448 F.3d 16, 37 (1st Cir. 2006).  Given the holding in <u>Pagán</u>, dismissal on remand by the District Court of appellant ARCAM Pharmaceutical Corporation's ("ARCAM") claims was inevitable.  Nevertheless, ARCAM now appeals the dismissal of its suit against appellees Antonio Faría and Vilma Pellot.  ARCAM argues that the <u>Pagán</u> decision was not binding on its claims against Faría and Pellot, and that the District Court erred in extending <u>Pagán</u> to dismiss the claims against these Defendants.  After reviewing ARCAM's arguments and the record, we <u>affirm</u> the District Court's dismissal of the suit.

The facts giving rise to the Complaint fully were set forth by this Court in <u>Pagán</u>, and need not be repeated in detail here. See <u>Pagán</u>, 448 F.3d at 23-26.  To summarize, briefly, "[t]he underlying action involves multiple plaintiffs and multiple defendants . . . The plaintiffs' overarching claim is that Calderón, then the governor of Puerto Rico, improperly influenced the decision of a government lender to reject a loan sought by the main plaintiff, ARCAM." <u>Id.</u> at 23.  All that is necessary for purposes of this appeal is as follows:  Appellees Faría and Pellot were President and a "high ranking" official, respectively, of the Banco de Desarrollo Económico para Puerto Rico ("BDE"), the lender

3

which denied ARCAM its sought after commercial loan for $5,000,000. Plaintiffs alleged that Faría and Pellot were the vehicles through which Calderón exerted undue influence over BDE's directors in order to prevent BDE from granting ARCAM's loan request.

After this Court's decision in Pagán, the remaining claims of the underlying Complaint, if alive at all, were on life support. In Pagán, we had before us Calderón's appeal of the District Court's denial of her motion to dismiss all claims against her on the grounds of qualified immunity. We first took up the issue of justiciability, and concluded that only ARCAM had standing to pursue its claims against Defendants. We therefore dismissed the claims of all other Plaintiffs. With all Plaintiffs except ARCAM out of the picture, and only ARCAM's equal protection and substantive due process claims remaining, we turned to Calderón's claim of qualified immunity. Id. at 23. Applying the usual qualified immunity rubric, see, e.g., Limone v. Condon, 372 F.3d 39, 44 (1st Cir. 2004), we conclusively found that ARCAM "failed adequately to plead a violation of its constitutional rights," directed the District Court to grant Calderón's motion for dismissal of all claims against her, and remanded for further consistent proceedings.[1] Pagán, 448 F.3d at 23.

---

[1] Because only Calderón appealed the District Court's Order, this Court was compelled to return the case to the District Court for appropriate disposition of ARCAM's claims against Pellot and Faría.

4

On remand, the District Court quite predictably ordered the parties to show cause why the remaining claims should not be dismissed based on the holding of Pagán. After considering the parties' submissions, the Court then incorporated in toto this Court's analysis in Pagán, and disposed of all further pending matters, including supplemental claims raised under Puerto Rican law.[2] Now before us is ARCAM's last-gasp appeal of the District Court's dismissal of its remaining claims against Pellot and Faría. ARCAM stands on shaky ground when it claims that this Court's analysis in Pagán was little more than dicta as to Pellot and Faría. We have held that "when a statement in a judicial decision is essential to the result reached in the case, it becomes part of the court's holding." Rossiter v. Potter, 357 F.3d 26, 31 (1st Cir. 2004). The result, along with those portions of the opinion necessary to the result, are binding, whereas dicta is not. Id. "Dictum constitutes neither the law of the case nor the stuff of binding precedent," Dedham Water Co. v. Cumberland Farms Dairy, Inc., 972 F.2d 453, 459 (1st Cir. 1992); rather, it "comprises observations in a judicial opinion or order that are 'not essential' to the determination of the legal questions then before the court." Municipality of San Juan v. Rullán, 318 F.3d 26, 29 n.3 (1st Cir. 2003) (quoting Dedham Water Co., 972 F.2d at 459);

---

[2] These claims, sounding solely in the law of Puerto Rico, were dismissed without prejudice.

5

*see also* Pierre N. Leval, Judging Under the Constitution: Dicta About Dicta, 81 N.Y.U. L. Rev. 1249, 1256 (2006) (Dictum is superfluous content - "an assertion in a court's opinion of a proposition of law which does not explain why the court's judgment goes in favor of the winner").

Because Calderón was the sole appellant in Pagán, our reversal of the District Court's refusal to dismiss ARCAM's equal protection and substantive due process claims technically related only to those allegations aimed at Calderón. However, the holding was premised on the essential finding that ARCAM's allegations "do not state viable constitutional claims," a determination that was by no means uniquely applicable to Calderón, but instead spoke broadly to the failings of the Complaint as a whole. Pagán, 448 F.3d at 37.

As to ARCAM's specific allegation that Calderón transgressed its substantive due process rights when, through Pellot and Faría, she exerted undue influence over BDE's directors so that they would deny ARCAM's loan request, we concluded that "the mere withholding of the loan, simplicitor, cannot support a constitutional claim." Id. at 33. This conclusion required dismissal of ARCAM's substantive due process claim, was not dicta, and applies with equal force to the identical claims alleged against Pellot and Faría. We were similarly forthright with regard to ARCAM's equal protection claim: ". . . [the claim] does not

6

pass constitutional muster." Id. at 35. Here, the analysis was two-pronged: first, ARCAM failed to plead facts establishing that a similarly situated borrower was treated differently than it; and second, the Complaint offered no allegations indicating that the disparate treatment of which ARCAM complains resulted from a gross abuse of power, invidious discrimination, or fundamentally unfair procedures.[3] These flaws doomed ARCAM's equal protection claims against all remaining Defendants, not just Calderón.

Though our holding in Pagán was limited to Calderón's appeal, it cannot, as ARCAM urges, reasonably be read in isolation from the case as a whole. Rather, as set forth above, the core holding of Pagán – that the Complaint in this matter fails to allege viable constitutional claims - extends with equal, if not more force to allegations aimed at Pellot and Faría. In sum, with our holding in Pagán, we sounded the death knell for ARCAM's remaining claims against Pellot and Faría, leaving the District Court no choice but to bring down the axe.

The Order of the District Court dated November 27, 2006 is affirmed.

---

[3] To the extent that ARCAM seeks to rely on its equal protection and due process claims against Calderón, Pellot, and Faría to redress what it alleges to have been unconstitutional political discrimination or retaliation, it cannot do so. Pagán v. Calderón, 448 F.3d 16, 34, 36-7 (1st Cir. 2006). Rather, the proper avenue for such assertions is a First Amendment claim, one which ARCAM brought, and which the District Court below dismissed as to all Defendants in its March 30, 2005 Opinion and Order. See id. at 36.