18-2325-cr
*United States v. Ruff*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of November, two thousand nineteen.**

PRESENT:
    ROBERT A. KATZMANN,
     *Chief Judge*,
    CHRISTOPHER F. DRONEY,
     *Circuit Judge*,
    JEFFREY ALKER MEYER,
     *District Judge*.[*]

---

UNITED STATES OF AMERICA,

    *Appellee*,

  v.             No. 18-2325-cr

WILLIAM RUFF,

    *Defendant-Appellant*.

---

For Defendant-Appellant:     Molly Corbett, James P. Egan, Assistant
                 Federal Public Defenders, Lisa A. Peebles,
                 Federal Public Defender, Albany, NY.

---

[*] Judge Jeffrey Alker Meyer of the United States District Court for the District of Connecticut sitting by designation.

For Appellee:                                    Thomas R. Sutcliffe, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART and VACATED IN PART and REMANDED**.

William Ruff appeals from a judgment of the United States District Court for the Northern District of New York (Mordue, *J.*), entered July 31, 2018, following a plea of guilty, convicting him on eight counts of distributing child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and sentencing him principally to a term of 120 months in prison and twenty years of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.       Special Condition of Supervised Release Requiring Employer Notification**

Ruff argues that we should vacate "Special Condition 7" of the terms of his supervised release, which requires that Ruff notify future employers of the nature of his conviction and the fact that it was facilitated by the use of a computer if his employment requires the use of a computer. As Ruff received notice of this condition prior to sentencing and failed to object to it, [1] we review the district court's imposition of it for plain error. *See United States v. Dupes*, 513 F.3d

---

[1] All of the special conditions adopted by the district court in this case, including Special Condition 7, were recommended in the Probation Department's Presentence Investigation Report, and during the sentencing hearing, defense counsel acknowledged having received a copy.

338, 343 & n.2 (2d Cir. 2008).[2] Under the plain error standard, Ruff bears the burden of showing: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010).

We find that Ruff has met this burden. All special conditions of supervised release must be "reasonably related" to the statutory factors governing the selection of sentences and "involve[] no greater deprivation of liberty than is reasonably necessary." *United States v. Sofsky*, 287 F.3d 122, 126 (2d Cir. 2002). A court's power to impose occupational restrictions, like the condition at issue here, is further limited to circumstances where "a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction" and the "imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted." U.S.S.G. § 5F1.5(a). Ruff has only ever held employment in the food services industry. There is no evidence that he has used a workplace computer to access child pornography and therefore no evidence that any "relationship existed between [Ruff's] occupation" and the conduct relevant to the offense at issue. Moreover, in a recent case, this Court vacated the condition at issue here, a requirement that the defendant "notify [] prospective employer[s] of the nature of his conviction and the fact that his conviction was facilitated by the use of a computer," concluding that "the relationship between the restrictions on [defendant's] employment and [defendant's] offense and circumstances" was

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes, and citations are omitted.

not sufficiently apparent. *United States v. Jenkins*, 854 F.3d 181, 187, 195 (2d Cir. 2017). In light of the limitations stated in U.S.S.G. § 5F1.5(a) and our decision in *Jenkins*, we find that imposition of Special Condition 7 was error and that the error was plain. Moreover, because the error involved the imposition of a highly restrictive condition without justification, the error affected the outcome of the district court proceedings, and it would seriously affect the integrity of judicial proceedings for the condition to remain. *See United States v. Bleau*, 930 F.3d 35, 42-43 (2d Cir. 2019) (per curiam) (concluding that the district court committed plain error in imposing a special condition of supervised release prohibiting a defendant from direct contact with minors without conducting an individualized assessment of the necessity of the condition or adequately explaining the reasons for imposing it).

Our conclusion is without prejudice to the authority of the district court pursuant to 18 U.S.C. § 3583(e)(2) to modify Ruff's conditions of supervised release to require that Ruff advise his probation officer whether his employment entails access to a computer that could be used to access child pornography over the internet so that the probation officer may then consider whether it is appropriate to recommend to the district court a further modification of the terms of supervised release to add any additional conditions that are reasonably tailored to protect the employer and the public. *See United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (per curiam).

## II.     Substantive Reasonableness

We review the length of a district court's sentence for reasonableness, which has both substantive and procedural dimensions, and amounts to review for abuse of discretion. *See United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). Substantive reasonableness is judged in light of the factors listed in 18 U.S.C. § 3553(a). *United States v. Rattoballi*, 452 F.3d 127, 132 (2d Cir. 2006) (abrogated in part on other grounds by *Kimbrough v. United States*, 552 U.S. 85

4

(2007)). Given the broad range suggested by the factors of § 3553(a), our duty "is not to identify the 'right' sentence but, giving due deference to the district court's exercise of judgment, to determine whether the sentence imposed falls within the broad range that can be considered reasonable under the totality of the circumstances." *United States v. Jones*, 531 F.3d 163,174 (2d Cir. 2008). Accordingly, we will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189.

Ruff argues that the district court, in determining sentence, gave undue weight to the nature of the offense and the need to protect the public while failing to consider important mitigating factors. According to Ruff, given his low risk of recidivism and the court's ability to protect the public by imposing special conditions of supervised release, a sentence of ten years' imprisonment was substantively unreasonable. We disagree. Unlike in *United States v. Jenkins*, 854 F.3d 181, 188 (2d Cir. 2017) (vacating a 225-month sentence of imprisonment imposed in a child pornography case with a 240-month statutory maximum) and *United States v. Dorvee*, 616 F.3d 174, 188 (2d Cir. 2010) (vacating a 240-month sentence of imprisonment imposed a child pornography case with a 240-month statutory maximum)—the two cases on which Ruff principally relies—the district court here sentenced Ruff to just 120 months, or 31 months below the bottom of the Guidelines range and 120 months below the statutory maximum, *see* 18 U.S.C. § 2252A(b)(1). At 120 months, Ruff's sentence falls within the range of sentences this Court has found reasonable in cases involving similar offenses. *See, e.g.*, *United States v. Aumais*, 656 F.3d 147, 156-57 (2d Cir. 2011) (upholding a 121-month sentence for possessing and transporting child pornography); *United States v. Gill*, 739 F. App'x 75, 76-77 (2d Cir. 2018) (summary order) (upholding a 121-month sentence for receipt of child pornography); *United States v. Pulsifer*, 469

F. App'x 41, 44 (2d Cir. 2012) (summary order) (upholding a 121-month sentence for transporting and distributing child pornography).

Moreover, during the sentencing hearing, the district court weighed the mitigating factors that Ruff identifies, including the risk of recidivism, Ruff's lack of criminal history, the absence of evidence that Ruff assaulted minors, Ruff's employment history, and his willingness to seek treatment. Although the district court gave substantial weight to several countervailing considerations in determining the sentence, including Ruff's admission that he could not state with certainty that he would not act on his sexual attraction to minors, the weight to be afforded the various mitigating and aggravating factors in any given case "is a matter firmly committed to the discretion of the sentencing judge." *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006) (abrogated on other grounds by *Rita v. United States*, 551 U.S. 338 (2007)); *see also Gall v. United States*, 552 U.S. 38, 51 (2007) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").

Accordingly, for the reasons stated above, we **AFFIRM** the judgment as to the length of the sentence imposed, **VACATE** the judgment insofar as it imposed a special condition of supervised release requiring the defendant to notify an employer concerning his conviction if the employment required use of a computer, and **REMAND** with directions to strike that condition of supervised release.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6