16-1831-cr
*United States v. Lamica*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand seventeen.

PRESENT:    AMALYA L. KEARSE,
            GUIDO CALABRESI,
            JOSÉ A. CABRANES,

                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                    *Appellee,*                    16-1831-cr

            v.

JOSEPH A. LAMICA,

                    *Defendant-Appellant.*

---

FOR APPELLEE:                    JOSEPH J. KARASZEWSKI, Assistant United
                                States Attorney, *for* James P. Kennedy,
                                Acting United States Attorney for the
                                Western District of New York, Buffalo,
                                NY.

FOR DEFENDANT-APPELLANT:         ANNE M. BURGER, Federal Public
                                Defender's Office, Western District of
                                New York, Rochester, NY.

Appeal from an order of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 13, 2016 judgment is **AFFIRMED**.

Defendant-appellant Joseph A. Lamica appeals from a judgment of conviction entered on May 13, 2016, pursuant to a plea of guilty to an Information charging him with receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1). The District Court sentenced Lamica to 168 months' imprisonment followed by a forty-year period of supervised release.

On appeal, Lamica challenges the special condition of supervised release imposed by the District Court that required Lamica to submit to a search of his person or property undertaken "at any time with or without a warrant by any law enforcement or probation officer with reasonable suspicion involving a violation of a condition of supervised release or unlawful conduct" by Lamica. App'x 169. Specifically, Lamica argues that the District Court erred in requiring him to submit to warrantless police searches based only on reasonable suspicion of "unlawful conduct," rather than criminal conduct. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

We review the imposition of conditions of supervised release for abuse of discretion. *United States v. Brown*, 402 F.3d 133, 136 (2d Cir. 2005).[1] A district court may impose a condition of supervised release if it is "reasonably related to: (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the protection of the public; and (D) the rehabilitative and medical care needs of the defendant." *Id.* at 136–37 (quoting U.S.S.G. § 5D1.3(b)(1)) (internal quotation marks omitted). In addition, "[a] special condition must [ ] involve 'no greater deprivation of liberty than is reasonably necessary for the purposes' of sentencing, and it must be 'consistent with any pertinent policy statements' in the Guidelines." *Id.* at 137 (quoting 18 U.S.C. §§ 3583(d)(2), (3)). Any "unusual and severe conditions" are subject to careful scrutiny. *Id.*

We cannot conclude that the District Court abused its discretion in imposing the search condition challenged by Lamica on appeal. First, the search condition imposed by the District Court

---

[1] The government argues that plain error review is warranted because Lamica's basis for appealing the imposition of the search condition is slightly different than his objection to the search condition in the District Court. Because Lamica's objection below "fairly alert[ed] the court and opposing counsel to the nature of the claim," we will review his claim for abuse of discretion. *United States v. Rodriguez-Gonzalez*, 899 F.2d 177, 180 (2d Cir. 1990).

is a standard condition of supervised release for persons convicted of sex offenses, authorized verbatim by Section 3583(d) of Title Eighteen of the United States Code. *See also* U.S.S.G. § 5D1.3(d)(7)(C) (listing the same search condition as a "special" condition of supervised release on convictions for sex offenses).

Second, in light of the facts of Lamica's case, the challenged search condition appears "reasonably related" to the "nature and circumstances of [Lamica's] offense" and does not involve a deprivation of liberty that was greater than necessary for the purposes of sentencing. *Brown*, 402 F.3d at 136–37. At the sentencing hearing, the District Court made clear that "a significant supervised release term is appropriate . . . based upon all of the reasons that . . . a significant prison term is appropriate," App'x 166, which included, among other things, that Lamica "targeted children because of inappropriate sexual interests in children," *id.* at 163, and that Lamica's "conduct here was not an isolated incident," *id.* at 164. The District Court also considered the circumstances surrounding his arrest, which, although not the conduct to which Lamica pled guilty, showed Lamica interacting in a sexual nature with a young boy in person and not just over electronic devices. *Id.* at 161. These reasons support the imposition of the challenged search condition as part of Lamica's supervised release, even though the District Court imposed a separate monitoring and search condition for electronic devices. *See United States v. Parisi*, 821 F.3d 343, 348–49 (2d Cir. 2016) (holding that district court did not err in imposing similar search condition).

## CONCLUSION

We have considered all of the arguments raised by Lamica and find them to be without merit. For the foregoing reasons, the May 13, 2016 judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3