United States v. Stiteler

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand twenty-three.**

**PRESENT:**

> **ROSEMARY S. POOLER,**
> **RICHARD C. WESLEY,**
> **MICHAEL H. PARK,**
> *Circuit Judges.*

---

**United States of America,**

> *Appellee,*

> v.

> **22-2732**

**Aron Whitney Stiteler,**

> *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | MONICA J. RICHARDS, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, N.Y. |
| **FOR DEFENDANT-APPELLANT:** | TIMOTHY P. MURPHY, Federal Public Defender's Office, Western District of New York, Buffalo, N.Y. |

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Aron Whitney Stiteler pleaded guilty to making "repeated telephone calls . . . solely to harass any specific person," namely, certain members of the United States Congress, in violation of 47 U.S.C. § 223(a)(1)(E). The district court (Wolford, *J.*) sentenced him to 22 months' incarceration and one year of supervised release. Stiteler challenges only one condition of supervised release: that he "submit to a search of his person, property, vehicle, place of residence or any other property under his control, based upon reasonable suspicion, and permit confiscation of any evidence or contraband discovered." App'x at A-164. The district court imposed the condition on the recommendation of the probation department's Presentence Investigation Report over Stiteler's objection. Stiteler appeals that decision. We assume the parties' familiarity with the facts, the procedural posture, and the issues on appeal.

"[A] district court may impose special conditions of supervised release that are reasonably related to certain statutory factors governing sentencing, involve no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing, and are consistent with pertinent Sentencing Commission policy statements." *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019) (cleaned up); *see also* U.S.S.G. § 5D1.3(b) (directing district courts to consider certain 18 U.S.C. § 3553(a) factors). "A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to

2

state on the record the reason for imposing it; the failure to do so is error." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). "We review special conditions of supervised release for abuse of discretion." *United States v. Farooq*, 58 F.4th 687, 694 (2d Cir. 2023).

We see no abuse of discretion in the district court's imposition of the search condition. As the district court explained, Stiteler "engaged in [the offense] conduct from his home," and "would be more hesitant to engage in more illegal activity if he knows that . . . it could prompt a search of his premises or himself." App'x at A-155. The need for deterrence was particularly acute given Stiteler's history of recidivism during pretrial supervision. *See id.* at A-151. And for the same reasons, the search condition furthered "rehabilitation purposes" and was "warranted to protect the community." *Id.* at A-155; *cf. United States v. Ettinger*, 723 F. App'x 38, 40-41 (2d Cir. 2018) (affirming a search condition when the prospect of discovery may deter the defendant from recidivating); *United States v. Lamica*, 689 F. App'x 91, 92-93 (2d Cir. 2017) (same). The district court likewise did not abuse its discretion in finding that "the search condition is not depriving Mr. Stiteler of liberty greater than necessary because it requires the reasonable suspicion before the search can be conducted." App'x at A-155; *see United States v. Rakhmatov*, No. 21-151, 2022 WL 16984536, at *3 (2d Cir. Nov. 17, 2022) (explaining that "limitations on searches to circumstances in which reasonable suspicion . . . exists . . . ensure that the condition imposes no greater restraint on liberty than is reasonably necessary" (cleaned up)).

We have considered Stiteler's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3