USA v. Parisi

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2015

(Submitted: March 2, 2016      Decided: May 3, 2016)

Docket No. 15-963

_____

UNITED STATES OF AMERICA,

*Appellee*,

—v.—

JOHN W. PARISI, A/K/A SEALED DEFENDANT, A/K/A JOHN PARISI,

*Defendant-Appellant*,

MELODY PARISI,

*Defendant.*
_____

Before:

KATZMANN, *Chief Judge*,

SACK and LOHIER, *Circuit Judges*.

1

———————

Appeal from a decision of the District Court for the Northern District of New York, granting a request of the United States Probation and Pretrial Services to modify the conditions of Defendant-Appellant John Parisi's supervised release. Affirmed.

———————

Kofi Sansculotte and Paul D. Silver, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY, *for Appellee*.

Timothy Austin, Assistant Federal Public Defender, and Melissa A. Tuohey, Appellate Attorney, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, NY, *for Defendant-Appellant*.

———————

PER CURIAM:

Defendant-Appellant John Parisi appeals a March 23, 2015 decision of the District Court for the Northern District of New York (Kahn, *J.*) modifying the special conditions of supervised release that had been imposed on Parisi at the time of his sentencing in 2004 to include what are now standard conditions of supervision for individuals convicted of sex offenses. Parisi contends that the modification was improper because there are no new or changed circumstances relating directly to his case that warrant the imposition of these conditions.

2

However, even though new or changed circumstances *may* justify a modification, *see United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997), they are not a prerequisite to a district court's decision to modify the conditions of release. Therefore, the modification was not improper on that basis.

Parisi also argues that the new conditions are improper because they are not reasonably related to his underlying offense conduct and involve a greater deprivation of liberty than is reasonably necessary. And he challenges the modifications on procedural grounds, arguing that he did not receive an adequate modification hearing pursuant to Rule 32.1(c)(1) of the Federal Rules of Criminal Procedure. These arguments also lack merit. Accordingly, the district court's decision modifying the conditions of Parisi's supervised release is AFFIRMED.

I

In 2003, Parisi pled guilty to four counts of sexual exploitation of a minor under 18 U.S.C. §§ 2251(a) and (d), and to one count of witness tampering under 18 U.S.C. §§ 1512(b) and 2. Parisi had operated an adult pornographic website since about 1997. In August 1996, he videotaped two 15-year-old females ("Jane Doe #1" and "Jane Doe #2") posing in a number of sexually explicit positions and

3

then modified the images to make it appear that he was engaging in sexual acts with them. On three occasions, all in 1997, he videotaped a third female ("Jane Doe #3"), then 17 years old, posing in a number of sexually explicit positions. In 1998, he again videotaped Jane Doe #1 and altered the images. A number of these images were made available on his website. Shortly after her third video modeling session, Jane Doe #3 asked Parisi to delete photos of her from the website. Although he said he would, he never did.

A federal search warrant was executed at Parisi's residence in May 2000, resulting in the seizure of business records, modeling contracts, videotapes, computer discs, and a computer containing explicit images of Jane Doe #1, Jane Doe #2, and Jane Doe #3. Included in these seized materials was a modeling contract with Jane Doe #3 that was dated on her eighteenth birthday, but she denied ever having signed the agreement. Officials executed a second search warrant at Parisi's residence in June 2000, because his website was active, had been updated since the first search, and continued to offer images of Jane Doe #1. Later, a third search warrant was executed after officials learned the website was still operating through a different internet service provider and still offering images of Jane Doe #1, Jane Doe #2, and Jane Doe #3. During the investigation,

4

Parisi persuaded Jane Doe #1 and Jane Doe #2 to sign false affidavits stating that they were 18 years old when they were videotaped by him.

On February 11, 2004, Parisi was sentenced to 150 months' imprisonment and 3 years' supervised release. He served his prison term and was released on supervision on December 24, 2014. In January 2015, the United States Probation and Pretrial Services ("Probation Services") petitioned to modify the special conditions of his supervised release to include, *inter alia*, the following two conditions:

1) You shall submit your person, and any property, house, residence, vehicle, papers, effects, computer, electronic communications devices, and any data storage devices or media, to search at any time, with or without a warrant, by any federal probation officer, or any other law enforcement officer from whom the Probation Office has requested assistance, with reasonable suspicion concerning a violation of a condition of probation or supervised release or unlawful conduct by you. Any items seized may be removed to the Probation Office or to the office of their designee for a more thorough examination.

2) Your supervision may include examinations using a polygraph, computerized voice stress analyzer [("CVSA")], or other similar device to obtain information necessary for supervision, case monitoring, and treatment. You shall answer the questions posed during the examination, subject to your right to challenge in a court of law the use of such statements as violations of your Fifth Amendment rights. In this regard, you shall be deemed to have not waived your Fifth Amendment rights. The results of any examinations shall be disclosed to the United States Probation Office

5

and the Court, but shall not be further disclosed without the approval of the Court.

App. at 38. Probation Services explained that these conditions are now standard conditions for the supervision of individuals convicted of sex offenses.

On February 27, 2015, the district court held a hearing on Probation Services' request. Just prior to the hearing, Parisi submitted a letter to the court through counsel objecting to the modified conditions. At the hearing, the court heard brief arguments by each party and requested supplemental briefing with respect to Parisi's objections. On March 23, 2015, having considered the additional briefing and without holding another hearing, the court issued an order granting Probation Services' request. Parisi filed a notice of appeal on March 31, 2015.

## II

We first consider Parisi's arguments that the court erred in modifying the conditions of his release because (1) there were no new or unforeseen circumstances relating specifically to Parisi's conduct that warranted the modification, and (2) the new conditions are not reasonably related to the statutory purpose of supervision and result in a greater deprivation of liberty than is reasonably necessary. "We review the propriety of a supervised release

condition," and modifications to the condition, "for abuse of discretion." *See*

*United States v. Brown*, 402 F.3d 133, 136 (2d Cir. 2005).

## A

A court "may modify, reduce, or enlarge the conditions of supervised

release, at any time prior to the expiration or termination of the term of

supervised release" after considering certain sentencing factors outlined in 18

U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(2). Parisi contends, however, that a court

may modify conditions of release under this provision only where new or

unforeseen circumstances specifically relating to the defendant justify the

modification. Because there are no such circumstances here, he argues that the

modification was improper.

As an initial matter, the government contends that Parisi waived this

argument before the district court and, therefore, cannot raise it on appeal. *See*

*United States v. Olano*, 507 U.S. 725, 733 (1993); *United States v. Jackson*, 346 F.3d 22,

24 (2d Cir. 2003). We disagree. Although Parisi conceded below that a *violation* of

a condition of supervised release is not a prerequisite to modifying conditions of

release, he argued before the district court and again on appeal that in order to

justify a modification, Probation Services must present some new fact or

circumstance that relates specifically to the defendant. *See* App. at 69 n.1. In other words, his position was and is that the court cannot base its modification determination solely on the same set of facts that it considered at the initial sentencing hearing. Because he did not waive this position below, we consider the argument on appeal.

Nonetheless, Parisi's position is without merit. He relies primarily on our decision in *United States v. Lussier*, 104 F.3d 32 (2d Cir. 1997), where we noted that a district court may modify conditions of supervised release "in order to account for new or unforeseen circumstances." *Id.* at 36. He contends that *Lussier* suggests that a modification of supervised release conditions cannot take place without some action by the defendant or a new circumstance in the defendant's life that arises after the original sentence was imposed. However, this reasoning is contrary to the plain language of *Lussier*, which does not *require* new or changed circumstances relating to the defendant in order to modify conditions of release, but simply recognizes that changed circumstances may in some instances justify a modification. *See id.* So long as the court, when modifying supervised release conditions, considers the relevant 18 U.S.C. § 3553(a) sentencing factors, there is no additional requirement that it make a finding of new or changed

circumstances with respect to the defendant. *Cf. United States v. Vargas*, 564 F.3d 618, 623–24 (2d Cir. 2009) (holding that a district court may extend a term of supervised release under 18 U.S.C. § 3583(e) at any time prior to its expiration, even in the absence of new circumstances); *see also United States v. Bainbridge*, 746 F.3d 943, 950 (9th Cir. 2014) ("[A] district court can modify a defendant's conditions of supervised release . . . even absent a showing of changed circumstances."); *United States v. Begay*, 631 F.3d 1168, 1172 (10th Cir. 2011) (holding that a district court is not "require[d] . . . to find changed circumstances in order to modify conditions of supervised release"); *United States v. Davies*, 380 F.3d 329, 332 (8th Cir. 2004) ("[T]he statute that authorizes district courts to modify the conditions of supervised release does not require new evidence, nor even changed circumstances in the defendant's life."). Accordingly, because a change in Parisi's circumstances is not a prerequisite to a modification under 18 U.S.C. § 3583(e), we decline to reverse the district court on that basis.

B

Parisi next argues that, even if new or changed circumstances are not required, the district court improperly imposed the new conditions because they do not satisfy the substantive requirements under 18 U.S.C. § 3583(d) and (e).

9

Again, we disagree. A court may order special conditions of supervised release in addition to the usual general conditions, so long as they are "reasonably related" to:

> (A) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (B) "the need for the sentence imposed to afford adequate deterrence to criminal conduct"; (C) the protection of the public; and (D) the rehabilitative and medical care needs of the defendant.

*Brown*, 402 F.3d at 136–37 (quoting U.S. Sentencing Guidelines Manual § 5D1.3(b)). The condition "must also involve 'no greater deprivation of liberty than is reasonably necessary for the purposes' of sentencing, and it must be 'consistent with any pertinent policy statements' in the Guidelines." *Id.* at 137 (quoting 18 U.S.C. § 3583(d)).

The district court found that the new search condition is reasonably related to the nature of Parisi's offense conduct and to the broader goals of public safety. In particular, it found that changes in technology since Parisi was originally sentenced justify a broader search condition, because Parisi could commit similar conduct using new technology that would not fit within the scope of the original search condition. Furthermore, the new search condition includes an outside constraint—Probation Services must have a reasonable suspicion that Parisi has

violated a condition of his release or engaged in unlawful conduct before it engages in a search.

The new search condition is also consistent with the pertinent policy statement in the Guidelines, which recommends including the following "special" supervised release condition in cases involving sex offenses:

> A condition requiring the defendant to submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

U.S. Sentencing Guidelines Manual § 5D1.3(d)(7)(C). This Guidelines provision is actually broader than the condition applied to Parisi in that it allows a search by a probation officer "in the lawful discharge of the officer's supervision functions," even without reasonable suspicion.

Reviewing the new search condition in light of the facts of Parisi's case, we cannot conclude that the district court abused its discretion in finding that the condition was reasonably related to the offense conduct and purposes of the sentence or that it was a greater deprivation of liberty than reasonably necessary.

Parisi similarly fails to show that the district court abused its discretion in imposing the new polygraph/CVSA condition. In *United States v. Johnson*, 446 F.3d 272 (2d Cir. 2006), we held that "polygraph testing can . . . further sentencing goals without excessive deprivations of liberty." *Id.* at 278. Specifically, it can "further sentencing objectives such as rehabilitation and deterrence." *Id.* Parisi argues that his case is distinguishable from the facts of *Johnson*, because the defendant there was a "serial offender who apparently resisted honest self-assessment" and was not "adequately engaged in the recovery process." *Id.* However, the district court could properly conclude that Parisi's deceptive behavior during the course of the investigation similarly warranted the imposition of the modified condition here. Accordingly, we find that the district court did not abuse its discretion in modifying Parisi's conditions of supervised release to include the new polygraph/CVSA condition.

III

We turn next to Parisi's argument that the district court failed to hold a hearing in accordance with Rule 32.1(c)(1) of the Federal Rules of Criminal Procedure. Because he failed to raise this issue before the district court, we

review the adequacy of the hearing for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Rule 32.1(c)(1) requires that "[b]efore modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation." Parisi argues that the modification hearing that the district court held on February 27, 2015, was inadequate because the merits of his objections were not reached and he was not given an opportunity to make a statement and present information in mitigation. We conclude that Parisi's arguments on this point are without merit. The district court heard arguments from Parisi's counsel and the government on the merits of Parisi's objections, and received additional briefing from the parties on its authority to order the proposed modifications. There is no requirement that the district court resolve the modification request at the time of the Rule 32.1 hearing. Furthermore, although the court did not specifically invite Parisi to make a statement on his own behalf, we cannot conclude that he did not have the opportunity to do so. Accordingly, the district court did not err by not holding a second hearing on Probation Services' modification request.

IV

We have considered all of Parisi's remaining arguments on this appeal and do not find them persuasive. The judgment of the district court is **AFFIRMED**.