18-329-cr
*United States v. Lloyd*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand nineteen.

PRESENT:   RICHARD C. WESLEY,
           DENNY CHIN,
                   *Circuit Judges*,
           LEWIS A. KAPLAN,
                   *District Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                   *Appellee*,

               v.                                        18-329-cr

ANNIS RECARDO LLOYD,
                   *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                    KEVIN TROWEL, Assistant United States
                                 Attorney (Lauren Howard Elbert, Assistant
                                 United States Attorney, *on the brief*), *for* Richard
                                 P. Donoghue, United States Attorney for the

---

*        Judge Lewis A. Kaplan of the Southern District of New York, sitting by designation.

Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT:       LAWRENCE D. GERZOG, Law Offices of Lawrence D. Gerzog, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Dearie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Annis Recardo Lloyd appeals from a January 29, 2018 judgment of the United States District Court for the Eastern District of New York (Dearie, *J.*), finding him, after a hearing, in violation of the conditions of his supervised release and sentencing him to a term of 24 months' imprisonment.  On appeal, Lloyd argues that the court abused its discretion in admitting hearsay evidence during the revocation hearing and that his sentence was procedurally unreasonable.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On December 30, 2016, Lloyd was arrested after an incident with his domestic partner, Vanessa Canty, at the Starbright Family Residence ("Starbright").  The charges in state court were subsequently dismissed.  On February 2, 2017, based on that incident as well as other conduct, the United States Probation Department for the Eastern District of New York ("Probation") filed a Violation of Supervised Release

- 2 -

Report (the "Report") with the district court charging Lloyd with violating the conditions of his supervised release. On appeal, Lloyd challenges the admission of evidence as to specifications one through four and six, which charged him with violating the condition prohibiting him from committing a federal, state, or local crime.

At the revocation hearing on December 7, 2017, and January 5, 2018, the Government presented four witnesses: Hillel Greene, Lloyd's probation officer; Darlene Browne, the Director of Social Services at Starbright; Department of Homeless Services ("DHS") Police Officer Javier Agosto; and DHS Police Officer Clover Mullings. Canty was not called to testify because she had declined to cooperate with the state prosecution. The witnesses testified in substance that Lloyd hit Canty on December 30, 2016, and that he had a history of abusing her. For example, Greene and Browne testified to Canty's statements after the December 30, 2016 incident that Lloyd hit her, to other incidents in which Lloyd may have hit Canty, and to complaints by neighbors who heard Lloyd assaulting Canty.

In addition, Agosto and Mullings -- who were at Starbright on December 30th after responding to a report of a dispute in Lloyd's room -- testified to their observations of Canty and Lloyd and to statements made by Canty that night. Mullings testified that when he found Canty in the recreation room after the incident she was scared, "crying a little bit," "upset," and "angry," and "[t]here w[ere] visible bruises on her neck" and "swelling." App'x at 65-66. Mullings testified that Canty said that "her

- 3 -

husband beat her," and "punched her, [and] he tried to choke her." App'x at 65-66. Mullings testified that when Lloyd entered the recreation room, Lloyd was "kind of threatening towards his wife," App'x at 66, and Agosto testified that as Lloyd entered Canty started shouting "he hit me, he hit me." App'x at 59. In addition, Agosto testified that "[Canty's] shirt was kind of all over the place," and he "noticed redness around the neck[, and] what appeared to be swelling near her eyes." App'x at 59. Mullings testified that, at the precinct after Lloyd was arrested, Canty told him that Lloyd "hit her with his cane in the face" and that he had grabbed and held her by her neck. App'x at 60. Browne testified that Canty had bruises on her face three days later.

At the December 7, 2017 hearing, Lloyd's counsel objected to all of the Government's exhibits based on Federal Rule of Criminal Procedure 32 and Federal Rule of Evidence 803, but he did not object to any of the testimony. On January 5, 2018, the district court found that Lloyd violated the terms of his supervised release because it had "little doubt" that "Lloyd acted inappropriately in assaulting his wife" based on the witnesses' "credible testimony." App'x at 69-70. At the January 26, 2018 sentencing hearing, the court sentenced Lloyd to 24 months' imprisonment with no supervision to follow. There were no objections to this sentence. Judgment was entered on January 29, 2018, and Lloyd filed a timely notice of appeal on January 31, 2018.

## DISCUSSION

Two issues are presented on appeal: (1) whether the district court admitted hearsay evidence in violation of Lloyd's due process rights or Rule 32.1(b)(2)(C); and (2) whether Lloyd's sentence was procedurally reasonable. We address each issue in turn.

## I.     Evidence at the Revocation Hearing

Lloyd argues that the district court erred by admitting testimony from law enforcement officials, particularly the testimony that pertained to Canty's out-of-court statements, as well as the Government's exhibits. We disagree.

### A.     Applicable Law

Defendants in revocation proceedings "are not entitled to the full panoply of rights that criminal defendants generally enjoy," and the Government need only prove that a condition of supervised release was violated by a preponderance of evidence. *United States v. Carthen*, 681 F.3d 94, 99 (2d Cir. 2012) (internal quotation marks omitted). While "the Confrontation Clause of the Sixth Amendment does not apply to supervised-release hearings," *United States v. Williams*, 443 F.3d 35, 45 (2d Cir. 2006), the Federal Rules of Criminal Procedure provide that a defendant is entitled to "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear," Fed. R. Crim. P. 32.1(b)(2)(C); *see Williams*, 443 F.3d at 45. In determining whether good cause exists, the court must balance "the

defendant's interest in confronting the declarant" against "the government's reasons for not producing the witness and the reliability of the proffered hearsay." *Williams*, 443 F.3d at 45. An out-of-court statement that falls within an exception to the hearsay rule, however, is admissible, *Carthen*, 681 F.3d at 100, and no good cause analysis is required, *Williams*, 443 F.3d at 45.

We review a court's Rule 32.1(b)(2)(C) determination and its evidentiary rulings for abuse of discretion. *Carthen*, 681 F.3d at 100; *United States v. Persico*, 645 F.3d 85, 99 (2d Cir. 2011). In addition, we review arguments raised for the first time on appeal for plain error. *See United States v. Parisi*, 821 F.3d 343, 349 (2d Cir. 2016) (per curiam). To demonstrate plain error, a party must show "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Irving*, 554 F.3d 64, 78 (2d Cir. 2009) (internal quotation marks and alterations omitted). If these requirements are met, we "may then exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and alterations omitted).

## B. Application

During the revocation hearing, Lloyd only objected to the admission of the Government's exhibits. On appeal, Lloyd appears to challenge all of the statements of the law enforcement witnesses, specifically their testimony as to Canty's out-of-court statements. Because Lloyd challenges these statements for the first time on appeal, we

review their admission for plain error, and we review the admission of the Government's exhibits for abuse of discretion.

Most of the out-of-court statements offered at the revocation hearing were not hearsay or fit within an exception to the hearsay rule. For example, the testimony from Greene, Browne, Agosto, and Mullings about their personal observations of Canty -- including her emotional state, her crying, the bruises on her neck, the swelling near her eyes -- was not hearsay. In addition, Mullings's and Agosto's testimony about Canty's statements immediately after the incident and at the precinct fit within the excited utterance exception to the hearsay rule because the statements described a startling event while Canty was still under the stress of the incident. *See* Fed. R. Evid. 803(2); *United States v. Scarpa*, 913 F.2d 993, 1017 (2d Cir. 1990) (holding that excited utterance need not be contemporaneous with startling event and finding statement made five or six hours after event admissible).

To the extent the district court admitted hearsay evidence -- such as Canty's statements to Greene on January 5, 2017, Canty's statements to Browne three days after the incident, and the incident reports -- the court at least implicitly conducted a Rule 32.1(b)(2)(C) analysis. The Government advised the court that it did not call Canty because she had been unwilling to cooperate. Additionally, the court found the other evidence to be credible -- particularly the officers' personal observations of Canty's injuries -- and concluded Lloyd contributed to Canty's unwillingness to

cooperate because such unwillingness is "sort of part and parcel of th[e] unfortunate phenomenon of spousal abuse." App'x at 69-70. Furthermore, the court acknowledged Lloyd's interest in confronting Canty by asking the Government several times whether she would testify and inquiring "about the appropriateness of relying on hearsay statements of the non-testifying victim." App'x at 69. As we have previously recognized, however, given that Canty's "unwilling[ness] to cooperate" was attributable to Lloyd, App'x at 69, his interest in confronting her is "entitled to little weight," *Carthen*, 681 F.3d at 100. Ultimately, the court found this balance weighed in the Government's favor.

We conclude, therefore, that the court did not plainly err in admitting the challenged testimony or abuse its discretion in admitting the Government's exhibits.

## II.     Procedural Reasonableness of Sentence

Lloyd argues that his sentence was procedurally unreasonable because the district court failed to (1) calculate his guideline range; (2) weigh the 18 U.S.C. § 3553(a) factors; and (3) state its reasons for imposing his sentence.

### A.     Applicable Law

A criminal sentence must be procedurally reasonable. *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013). "A sentence is *procedurally* unreasonable if the district court fails to calculate . . . the Sentencing Guidelines range, . . . fails to consider the § 3553(a) factors, . . . or fails adequately to explain the chosen sentence." *United States v.*

*Aldeen*, 792 F.3d 247, 251 (2d Cir. 2015) (internal quotation marks omitted).  Because

Lloyd did not object at sentencing to the court's alleged procedural errors, we review

his challenge for plain error.  *See Parisi*, 821 F.3d at 349.

###    B.    Application

First, Lloyd argues that his sentence is procedurally unreasonable because

the district court failed to calculate his sentencing range under the U.S. Sentencing

Guidelines Manual ("Guidelines").  "We . . . ordinarily require a sentencing judge to put

her Guidelines calculations on the record."  *United States v. Fernandez*, 443 F.3d 19, 29 (2d

Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).  The

district court did not state the Guidelines calculation on the record; we conclude,

however, that this was not plain error because the failure did not affect Lloyd's

substantial rights.  *See Irving*, 554 F.3d at 78 (holding a plain error must affect

substantial rights to warrant reversal).  Probation calculated Lloyd's Guidelines range

and included it in the Report, which also discussed and considered factors relevant to

Lloyd's sentence.  Moreover, the parties made the court aware that the Guidelines range

was above the statutory maximum, and the court imposed a sentence at the statutory

maximum.  Therefore, the district court's failure to put its Guidelines range calculation

on the record was not plain error.

Second, Lloyd argues that the district court erred by failing to explicitly

consider the § 3553(a) factors.  We presume, however, that a sentencing judge has

considered these factors in the absence of record evidence suggesting otherwise. *See Fernandez*, 443 F.3d at 30. Here, there is no error because the record shows that the court considered Lloyd's history and characteristics, and Lloyd has not pointed to any evidence suggesting the court did not consider these factors.

Lastly, Lloyd argues that the court failed to "state its reasons for imposing the particular sentence of supervised release." Appellant's Br. at 23 (internal quotation marks and alteration omitted). The district court did not, however, impose a term of supervised release. To the extent Lloyd is arguing that the court failed to explain its reasons for the term of imprisonment, his argument also fails. As stated above, the court explained its reasons for imposing a term of 24 months' imprisonment.

Accordingly, the district court did not commit plain error in sentencing Lloyd to 24 months' imprisonment.

\* \* \*

We have considered Lloyd's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 10 -