20-2173
*United States v. Skvarla*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand twenty-one.

PRESENT:
        DENNIS JACOBS,
        REENA RAGGI,
        SUSAN L. CARNEY,
                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

      *Appellee*,

        v.                           No. 20-2173

NICHOLAS M. SKVARLA, AKA NICHOLAS M. SKVARIA,

      *Defendant-Appellant.*

_____

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | Lisa A. Peebles, Melissa A. Tuohey, Federal Public Defender's Office, Syracuse, NY. |
| FOR APPELLEE: | Carina H. Schoenberger, Assistant United States Attorney, *for* Antoinette T. Bacon, Acting United States Attorney for the |

Northern District of New York, Syracuse, NY.

Appeal from an order of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on June 12, 2020, is **AFFIRMED**.

Defendant-Appellant Nicholas Skvarla appeals from an order modifying his conditions of supervised release. In 2015, Skvarla was sentenced to 72 months' imprisonment and a five-year term of supervised release on convictions for receipt, distribution, and possession of child pornography. Although those proceedings took place in the Western District of New York, jurisdiction over Skvarla's supervision of release was transferred to the District Court for the Northern District of New York, where he has resided since his release in March 2020. On June 12, 2020, the District Court in the Northern District modified Skvarla's supervised release conditions and imposed on him a set of special conditions applied routinely to child pornography offenders in the district. On appeal, Skvarla challenges two of those conditions: the requirement that he not go anywhere that children are likely to congregate or go anywhere for the primary purpose of observing or contacting children, and the prohibition on his viewing or possessing any pornographic material. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

We review the District Court's modification of supervised release conditions for abuse of discretion. *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016).[1] Section 3583(e)(2) of title 18, U.S. Code, provides that a court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." A special condition is proper if it "(1) is reasonably related to the factors set forth in [18 U.S.C. §§] 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28

---

[1] Unless otherwise noted, in quotations from case law, this Order omits all alterations, brackets, citations, emphases, and internal quotation marks.

2

U.S.C. 994(a)." 18 U.S.C. § 3583(d). Skvarla argues that the challenged conditions violate the first and second of these requirements.

We conclude that the District Court did not abuse its discretion in imposing the two challenged conditions. Regarding the prohibition on Skvarla being present where children are likely to congregate if he does not have the permission of his probation officer, the District Court explained that this portion of the condition is intended "to protect the public and prevent future criminal conduct." App'x at 77. In support, the court pointed to how Skvarla admitted in his Presentence Investigation Report ("PSR") interview that he viewed child pornography because he had experienced a desire to touch children in the past. While Skvarla suggests that he has since been rehabilitated, the statute authorizes the District Court to impose a special condition "reasonably related" to "the nature and circumstances of the offense and the *history* and characteristics of the defendant." 18 U.S.C. §§ 3583(d)(1), 3553(a)(1) (emphasis added). The District Court did that here. Skvarla further argues that the condition effects a "greater deprivation of liberty than is reasonably necessary," 18 U.S.C. §§ 3583(d)(2), because it is broader than a comparable condition previously imposed on him in the Western District. But the latter condition does not define the ceiling. In any case, the condition here is reasonably circumscribed in time (a five-year term), space (only places where children congregate), and degree of restriction (Skvarla may obtain permission to visit these places).

Nor are we persuaded that the portion of the condition that Skvarla "must not go to, or remain at, a place for the primary purpose of observing or contacting children under the age of 18," App'x at 85, is vague or overbroad. As we recently summarily observed, "[p]ersons of ordinary intelligence are capable of understanding that having the primary purpose of observing children differs from engaging in activities where observation is merely incidental or accidental." *United States v. Safford*, 814 F. App'x 638, 643 (2d Cir. 2020); *see also United States v. Robinson*, 815 F. App'x 583, 586 (2d Cir. 2020).

Regarding the condition that Skvarla not possess or view any pornographic material, including legal adult pornography, the District Court adequately justified the condition in light of Skvarla's history of accessing child pornography in connection with his viewing adult pornography. Skvarla admitted that, in consuming a "wide variety" of adult pornography, he sometimes found that children were "mixed in with the material." PSR ¶¶ 47-48. His exposure to that material in turn led him to seek out child pornography. The District Court reasonably imposed the condition to prevent

3

Skvarla from repeating this sequence of events. Nor does the condition effect an unreasonable deprivation of liberty given the adverse impact that adult pornography specifically has had on Skvarla. Indeed, to tailor the condition to the risks posed to Skvarla, the District Court revised it from one prohibiting "sexually explicit" "material" to one prohibiting "pornographic material." App'x at 49, 86; *see id.* at 82 (the District Court noting it was "limiting [the restriction] to what ordinary people consider to be adult pornography"). While "[p]ornographic materials receive full First Amendment protection when in the possession of ordinary adults, [they] may be regulated in the hands of parolees to a much greater extent," so long as a court explains "the need for th[e] condition" as "supported on the record." *United States v. Eaglin*, 913 F.3d 88, 99 (2d Cir. 2019). The District Court has met that bar here.

* * *

For the foregoing reasons, the District Court's order is **AFFIRMED**.


                                        FOR THE COURT:

                                        Catherine O'Hagan Wolfe, Clerk of Court

4