22-690-cr
United States of America v. Gurung

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand twenty-two.

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

United States of America,

    *Appellee,*

  v.                    No. 22-690-cr

Nijesh Gurung,

    *Defendant-Appellant.*

_____

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | MARTIN J. VOGELBAUM, Federal Public Defender's Office, Western District of New York, Buffalo, NY. |
| **FOR APPELLEE:** | TIFFANY H. LEE, Assistant United States Attorney, United States Attorney's Office for the Western District of New York, Buffalo, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Nijesh Gurung appeals a special condition of his supervised release imposed by the district court. On October 14, 2021, Gurung pled guilty to manufacturing and dealing in firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D). On March 28, 2022, the district court sentenced Gurung to, principally, a one-year-and-one-day term of imprisonment and a two-year term of supervised release, with special conditions. On appeal, Gurung challenges a special condition requiring that he participate in a program for substance abuse, including substance abuse testing; that if testing indicates substance abuse, he undergo a drug and alcohol evaluation and treatment; that if treatment is required, he abstain from the use of alcohol for the full term of supervised release; and that he contribute to the costs of any services (the "special condition").[1] We affirm the special condition because we conclude that the district court made a sufficient individualized assessment in determining to impose the special condition and stated its reasoning on the record. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss only as necessary to explain our decision to affirm.

---

[1] Before reaching this issue, Gurung first argues that the appeal waiver in his plea agreement is unenforceable as to his challenge to the special condition. The United States "concedes that the appeal waiver does not foreclose challenges to that aspect of the sentence pertaining to the validity of the special condition of supervised release." Appellee Br. 8–9.

## I. Legal Standards

Where, as here, a defendant with notice does not object to a special condition of supervised release before the district court, we review the imposition of the special condition for plain error. *United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015). A court may impose special conditions "so long as they are 'reasonably related' to: (A) 'the nature and circumstances of the offense and the history and characteristics of the defendant'; (B) 'the need for the sentence imposed to afford adequate deterrence to criminal conduct'; (C) the protection of the public; and (D) the rehabilitative and medical care needs of the defendant." *United States v. Parisi*, 821 F.3d 343, 348 (2d Cir. 2016) (quoting *United States v. Brown*, 402 F.3d 133, 136–37 (2d Cir. 2005)); *see also* U.S. Sent'g Guidelines Manual § 5D1.3(b); 18 U.S.C. § 3583(d). The special condition "must also involve 'no greater deprivation of liberty than is reasonably necessary for the purposes' of sentencing, and it must be 'consistent with any pertinent policy statements' in the [U.S. Sentencing] Guidelines." *Brown*, 402 F.3d at 137 (quoting 18 U.S.C. § 3583(d)). When determining whether to impose a special condition of supervised release, the district court is required to make an "individualized assessment" and to "state on the record the reason for imposing it." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018).

## II. Analysis

The district court made an individualized assessment sufficient to support imposition of the special condition. At Gurung's sentencing, the district court adopted the United States Probation Office's Presentence Investigation Report (the "PSR"), which set forth Gurung's substance abuse history. The district court also reviewed the parties' sentencing statements. Gurung began using marijuana at age 16, smoking two blunts per day, throughout the day; he

3

began using alcohol at age 17, drinking one or two beers or glasses of wine, when he could access it. He withdrew from school, which his sentencing statement attributes, in part, to his early marijuana use. At age 18, Gurung manufactured and dealt firearms without a license. The Probation Office noted Gurung's substance abuse history, that he had never participated in any substance abuse treatment, and recommended the special condition. After considering the applicable sentencing factors, the district court stated on the record that it was imposing the special condition based upon Gurung's history of drug use. Accordingly, we find that the district court made a sufficient individualized assessment when determining whether to impose the special condition and stated its reasoning on the record. We also find that, based on that individualized assessment, the special condition reasonably related to the sentencing factors. Finally, we find that the special condition involved no greater deprivation of liberty than reasonably necessary for the purposes of sentencing because the special condition imposes treatment only if continued substance abuse is indicated by testing, and prohibits alcohol use only if treatment is imposed.

For the above-stated reasons, we **AFFIRM** the district court's imposition of the special condition.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4