21-3053
*United States v. Cottom*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand twenty-three.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> BETH ROBINSON,
> > *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                   No. 21-3053

KIRK COTTOM,

> *Defendant-Appellant*.

_____

FOR APPELLEE:                              Trini E. Ross, United States Attorney
                                           (Katherine A. Gregory, Assistant United
                                           States Attorney, *on the brief*), United
                                           States Attorney's Office, Buffalo, NY

FOR DEFENDANT-APPELLANT:                    David C. Pilato, Pilato Law, Rochester,
                                           NY

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Kirk Cottom appeals from a December 1, 2021 order of the United States District Court for the Western District of New York (Wolford, *J.*) granting in part and denying in part his Motion to Modify Conditions of Release and Motion to Strike Conditions of Release. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

In 2015, Cottom pled guilty to two child pornography crimes, Accessing with Intent to View Child Pornography and Receipt of Child Pornography, and was sentenced in the District of Nebraska. The District of Nebraska sentenced Cottom to 72 months imprisonment, followed by six years of supervised release.

2

As part of his supervised release, the District of Nebraska imposed 19 special conditions.[1]

After Cottom's release from custody in 2021, the Western District of New York accepted jurisdiction over his supervised release pursuant to 18 U.S.C. § 3605. Cottom then moved in the Western District of New York to strike or modify the special conditions, and the district court granted the motion in part and denied it in part. Specifically, the district court held it could not consider arguments relating to the lawfulness of the conditions, but could in its discretion modify certain conditions. The district court modified Conditions 5, 9, and 15 either to clarify what was required of Cottom (Conditions 5 and 15) or to decrease the burden imposed on Cottom (Condition 9).

On appeal, Cottom argues that all the conditions should be stricken for illegality; he argues in the alternative that the district court abused its discretion in refusing to modify (or in some cases further modify) or strike Conditions 4-9, 11-13, 15-16, and 18.[2]

---

[1] The District of Nebraska imposed slightly different conditions of release for each of the two counts of conviction. The parties agree that the conditions being challenged are the special conditions related to the Receipt of Child Pornography conviction.

[2] The district court struck conditions 2 and 3. On appeal, Cottom does not challenge conditions 1, 10, 14, 17, and 19.

## I.      Challenges to the Legality of the Conditions

The vast majority of Cottom's arguments challenge the legality of the conditions as imposed.  He argues that all of the conditions should be stricken because the District of Nebraska failed to make an individualized assessment or state on the record the reasons for the special conditions.  In addition, most of his targeted challenges to special conditions rest on arguments that the conditions are vague, overbroad, include improper delegations of decision-making power to probation officers, violate his constitutional rights, or are not sufficiently related to his conviction.  We lack jurisdiction to consider these arguments, all of which constitute challenges to the legality of the conditions as imposed.

After Cottom served his prison sentence, the Western District of New York accepted jurisdiction over Cottom's supervised release under 18 U.S.C. § 3605, which allowed the district court to "modify, reduce, or enlarge the conditions of supervised release" after considering the sentencing factors set forth in 18 U.S.C. § 3553.  18 U.S.C. § 3583(e)(2).  Cottom contends that 18 U.S.C. § 3583(e) allows the district court to consider his arguments concerning the illegality of the conditions in reviewing his requests to modify.

We disagree. As this Court has already held, § 3583(e) does not allow a district court to consider arguments about the legality of special conditions. *See United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997) ("Subsection 3583(e)(2) on its face authorizes the court to modify conditions of supervised release only when general punishment goals would be better served by a modification. It does not authorize the court to assess the lawfulness of a condition of release.").

For this reason, the district court was correct to deny Cottom's motions to strike or modify with respect to Cottom's challenges to the legality of the conditions, and our decision in *Lussier* precludes our consideration of nearly all of Cottom's arguments in support of his motions. That includes his arguments that (1) the district court failed to conduct an individualized assessment; (2) the conditions are overbroad in that they entail a greater deprivation of liberty than is reasonably necessary;[3] (3) the conditions are not reasonably related to the sentencing factors; (4) the conditions improperly delegate authority to his

---

[3] Although Cottom's generalized overbreadth challenges address the legality of his sentence, we note that a district court may entertain a § 3583 motion contending that a change in a supervisee's circumstances have "alter[ed] either the need for, or the efficacy of, certain conditions." *United States v. Balon*, 384 F.3d 38, 47 n.4 (2d Cir. 2004).

probation officer; and (5) one condition facially violates the First Amendment by conditioning his access to the internet on his payment of monitoring costs.[4]

## II.     Modification of Conditions 4, 5, 6, 8, and 13

In support of his motion to modify, Cottom argued that special conditions 4, 5, 6, 8, and 13 prevent him from earning a living in his profession as a computer systems analyst.[5]     The district court had jurisdiction to address Cottom's arguments to modify the conditions under § 3583(e) on these grounds. *See Lussier*, 104 F.3d at 36 (describing instances where a defendant's changed circumstances support modification of special conditions).     After briefing and argument,[6] the district court declined to modify conditions 4, 6, 8, and 13, and modified condition 5 "to use language that the Court finds more clearly delineates the role of the

---

[4] With respect to any "as applied" First Amendment or vagueness challenges, we agree with the district court that such claims are unripe.  Cottom has not presented any evidence that the requirement that he pay for the monitoring program has actually impaired his First Amendment Rights.  *See, e.g.*, *United States v. Traficante*, 966 F.3d 99, 106 (2d Cir. 2020).  Nor does he contend that he has been sanctioned for violating a condition without fair notice due to the vagueness of a condition.

[5] These conditions require Cottom to provide information on computer hardware he has access to, participate in a computer monitoring program, limit certain programs on his computer, and inform certain employers of computer-related restrictions; the probation office may also limit the number of internet-capable devices he has access to.

[6] Cottom initially filed his motion *pro se*, but the court subsequently assigned counsel to represent him in connection with his motion.

Probation Office and the limitations on [Cottom]." *United States v. Cottom*, No. 6:15-cr-6054 EAW, 2021 WL 5629073, at \*4 (W.D.N.Y. Dec. 1, 2021).

We review decisions regarding modifications to conditions of supervised release for abuse of discretion. *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). "When reviewing a motion for a sentence modification, a district court need only 'adequately explain the chosen sentence to allow for meaningful appellate review.'" *United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022) (quoting *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018)). We presume a district court considered the relevant sentencing factors enumerated under 18 U.S.C. § 3553(a) unless the record suggests otherwise. *Id.*

The district court did not abuse its discretion in modifying condition 5 or declining to modify conditions 4, 6, 8, or 13. The district court discussed the sentencing factors and the reasonable relation between Cottom's conviction and the conditions imposed. The district court observed that because Cottom is a sophisticated computer user who pled guilty to accessing and receiving child pornography over the internet, conditions imposing monitoring and restriction of his computer use were warranted, and also did not unduly interfere with his ability to work. The district court observed that Cottom had not brought to the

7

court's attention any job that he had failed to get as a result of the conditions. The court left the opportunity open for Cottom to request new modifications if he can demonstrate that the conditions actually prevent him from working. Accordingly, the district court did not abuse its discretion in modifying condition 5 and refusing to modify conditions 4, 6, 8, and 13.

### III.    Challenges to the Modification of Condition 15

Finally, Cottom argues that condition 15—which requires Cottom to undergo regular polygraph examinations—fails to consider Cottom's ability to pay for polygraph testing. The district court noted that Cottom had not presented the court with any information regarding his ability to pay. The district court did not abuse its discretion in declining to further modify condition 15.

* * *

We have considered the remainder of Cottom's arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8