23-6310-cr
United States v. Delee

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand twenty-four.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
SARAH A. L. MERRIAM,
*Circuit Judges*.

-------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                          No. 23-6310-cr

GREGORY DELEE, JR.,

*Defendant-Appellant*.

-------------------------------------------------------------------

FOR APPELLEE:                          Nicolas Commandeur, Rajit S.
                                       Dosanjh, Assistant United
                                       States Attorneys, *for* Carla B.
                                       Freedman, United States
                                       Attorney for the Northern
                                       District of New York,
                                       Syracuse, NY

FOR DEFENDANT-APPELLANT:                Melissa A. Tuohey, Assistant
                                       Federal Public Defender,
                                       Office of the Federal Public
                                       Defender, Syracuse, NY

Appeal from a judgment of the United States District Court for the

Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the appeal is DISMISSED.

Defendant-Appellant Gregory Delee, Jr. appeals from a March 20, 2023

judgment of the United States District Court for the Northern District of New

York (Scullin, *J.*) convicting him of violating the terms of his supervised release

and sentencing him to 12 months' imprisonment followed by 36 months of

supervised release.  On appeal, Delee argues that his 12-month prison term was

substantively unreasonable.  On December 22, 2023, while this appeal was

pending, Delee was released from prison.  He is currently serving his 36-month

term of supervised release.  We assume the parties' familiarity with the

2

underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to dismiss.

Generally, "if an event occurs during the course of the proceedings or on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, we must dismiss the case." *United States v. Chestnut*, 989 F.3d 222, 224 (2d Cir. 2021) (quotation marks omitted). In certain circumstances, however, "an appeal challenging a criminal sentence will not be rendered moot when the defendant is released from prison so long as the defendant is still subject to a term of supervision." *Id.* But "[f]or a term of supervised release to preserve the presence of a live case or controversy, there must be more than a remote and speculative possibility that the district court could or would impose a reduced term of supervised release were we to remand the matter." *Id.* at 225 (quotation marks omitted).

Here, the only relief Delee seeks on appeal is a modification of his prison term. He does not request any change to his 36-month term of supervised release. "In these circumstances, it would be quite strange for us to say that a live controversy exists concerning whether the district court abused its discretion in having failed to consider a request that [Delee] never in fact made." *Id.*; *see also*

3

*United States v. Martin*, 974 F.3d 124, 141 n.15 (2d Cir. 2020) (noting that a modification of a term of supervision is "distinct from modification of [a] term of imprisonment").

In his supplemental brief, Delee contends that his appeal is not moot because, among other things, there is a possibility that the District Court could reduce his 36-month term of supervised release. Delee, however, never challenged his term of supervised release in his initial briefing on appeal. While he may certainly ask the District Court to reduce his term of supervised release "at any time prior to the expiration or termination of the term of supervised release," *see United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (quotation marks omitted), we will not consider the argument on appeal in the first instance.

Accordingly, we conclude that Delee's appeal is moot. For the foregoing reasons, the appeal is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
