24-261-cr
*United States v. Ortiz*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-five.

**PRESENT:**
> **DENNIS JACOBS,**
> **GUIDO CALABRESI,**
> **ALISON J. NATHAN,**
> > *Circuit Judges.*

_____

**United States of America**

> *Appellee,*

> v.                                                            **No. 24-261-cr**

**Johnny Ortiz**

> *Defendant-Appellant.*

_____

**FOR DEFENDANT-APPELLANT:**

Lawrence Gerzog, New York, NY.

**FOR APPELLEE:**

Jonathan S. Reiner, Rajit S. Dosanjh, Assistant United States Attorneys, *for* Daniel Hanlon, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Nardacci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Johnny Ortiz appeals from a January 29, 2024 judgment (Nardacci, *J.*) revoking his supervised release and imposing a new term of imprisonment and supervision.

Ortiz had been convicted, after a guilty plea, of drug trafficking conspiracy involving 280 grams or more of cocaine base in violation of 21 U.S.C. § 846, and sentenced to 140 months of imprisonment, followed by a five-year term of supervised release. After his term of incarceration, Ortiz admitted to three

2

violations of his conditions of supervised release. For these violations, the district court imposed an eight-month prison term, followed by five years of supervision. It also imposed seven special conditions of supervised release.

On appeal, Ortiz challenges the reasonableness of six of the seven special conditions. He also challenges a non-association condition on vagueness grounds. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

We review preserved challenges to the imposition of conditions of supervised release for abuse of discretion. *See United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010). However, because Ortiz had notice of the conditions and did not object in the proceedings below, our review is for plain error. *See id.* [1] Accordingly, Ortiz bears the burden of showing that: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights, which in the ordinary case means it affected the

---

[1] The district court expressly noted that Ortiz was provided with the special conditions "in advance of sentencing." App'x at 36. In reply, Ortiz asserts that he lacked notice of the conditions, such that plain error review is inappropriate. But "arguments not made in an appellant's opening brief are [forfeited] even if the appellant . . . raised them in a reply brief." *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.,* 412 F.3d 418, 428 (2d Cir. 2005).

outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (cleaned up). Under this standard of review, none of Ortiz's challenges prevail.

## I. Financial Disclosure Condition

Ortiz first challenges the procedural reasonableness of a financial disclosure condition imposed at the revocation hearing, which requires that he "provide the probation officer with access to any requested financial information." App'x at 36. We are unpersuaded.

"[F]or the imposition of special conditions of supervised release to be procedurally reasonable, a district court must make an individualized assessment . . . and state on the record the reason for imposing [the conditions]." *United States v. Sims*, 92 F.4th 115, 123 (2d Cir. 2024) (cleaned up). The failure to articulate this reasoning on the record would be error unless "the district court's reasoning is self-evident in the record" and the conditions are "reasonably related to the sentencing objectives." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (quotation marks omitted).

4

Here, the district court explained that the financial disclosure condition "will assist the probation office in making determinations regarding [Ortiz's] ability to pay, [his] financial obligations, treatment, and any restitution." App'x at 36. Even assuming, as Ortiz contends, that this explanation does not constitute a sufficiently "individualized assessment," the court's reasons for imposing the condition are "self-evident in the record." *Betts*, 886 F.3d at 202. For one, we have already recognized that, where a defendant's "criminal record and sparse employment history demonstrate his pronounced proclivity to support himself through drug dealing," a financial disclosure condition operates as an "effective monitoring tool[]" to prevent recidivism and to "protect the public from 'further crimes of the defendant.'" *United States v. Brown*, 402 F.3d 133, 137 (2d Cir. 2005). Such is the case here.[2] In addition, as further discussed below, while on supervision, Ortiz is required to contribute to the costs of substance abuse and mental health treatment "in an amount deemed reasonable according to the sliding scale co-payment schedule approved by the Court and utilized by the

---

[2] For this same reason, to the extent Ortiz suggests that the condition represents a "greater deprivation of liberty than reasonably necessary," *Brown* forecloses his argument. *See* 402 F.3d at 137-38 (finding that an essentially identical financial disclosure condition was appropriately tailored where the record demonstrated such a proclivity).

5

United States Probation Office." App'x at 38-39. Thus, the financial disclosure condition is also necessary to allow the Probation Office to assess how much Ortiz can contribute toward treatment. Therefore, we find that the condition is procedurally reasonable.

## II. Search Condition

Ortiz next challenges the district court's imposition of a special search condition, which requires him to submit to searches of his "person and any property, house, residence, vehicle, papers, effects, computer, electronic communication devices, and any data storage devices or media" upon reasonable suspicion of a violation of a condition of supervision. App'x at 36.

Ortiz claims procedural error based largely on *United States v. Oliveras*. 96 F.4th 298, 313-14 (2d Cir. 2024) (finding that a special search condition was procedurally unreasonable). But even setting aside the fact that *Oliveras* involved a *suspicionless* search condition, the district court here did not "rely[] on broad statements . . . untethered to . . . the facts and circumstances" of the case in imposing the condition. *Id.* at 314. Rather, the court justified the search condition in light of Ortiz's "criminal history," specifically his prior convictions for possession of a firearm and sale of controlled substances, reasoning that it

would "serve to deter further criminal conduct and permit a probation officer to intervene quickly when reasonable suspicion exists" of a violation of a condition of supervised release. App'x at 37. As such, the court "adequately explained its sentence by reference to the factors listed in § 3553(a)." *United States v. Matta*, 777 F.3d 116, 125 (2d Cir. 2015).

Ortiz's complaint that the search condition is overbroad fares no better. First, to the extent Ortiz objects to the potential search of his electronic devices, his criminal history involves drug sales arranged using cell phones. As such, the condition is reasonably related to his personal history and characteristics. *Cf. United States v. Lewis*, 125 F.4th 69, 76 (2d Cir. 2025) ("We have frequently approved of [reasonable-suspicion search] conditions where the conduct underlying a conviction . . . has involved the use of computers or other electronic devices."). Second, since the condition requires reasonable suspicion, it "involve[s] no greater deprivation of liberty than is reasonably necessary." *Id.* at 77 (quotation marks omitted). That the condition allows "[a]ny items seized [to] be removed to the probation office or to the office of their designee for a more thorough examination," App'x at 36, does not alter this conclusion as we have previously upheld a special search condition that includes this provision. *See United States v.*

7

*Parisi*, 821 F.3d 343, 348-49 (2016). Thus, we see no "clear or obvious" error in the imposition of this special condition. *Marcus*, 560 U.S. at 262.

### III. Drug Treatment and Alcohol Conditions

Ortiz further contests two overlapping conditions concerning substance abuse. The first of these conditions requires him to participate in a substance abuse treatment program that includes testing for the use of alcohol and controlled substances, and the second prohibits him from consuming alcohol and authorizes alcohol testing. The crux of his claim is that the conditions are unwarranted because there is no evidence that he has an alcohol abuse problem.

The record belies Ortiz's contention that the district court did not conduct an "individualized assessment." *Betts*, 886 F.3d at 202. After pronouncing the conditions, the court explained that they were "being imposed due to [Ortiz's] ongoing substance abuse issues with respect to abusing controlled substances while on supervised release and based on information found in the presentence report." App'x at 38. Against this backdrop, on plain error review, we cannot say that the conditions clearly or obviously lack a rational connection to the applicable sentencing factors or involve an unnecessary "deprivation of liberty." 18 U.S.C. § 3583(d)(2); *see also* U.S.S.G. § 5D1.3(d)(4) (recommending a substance

abuse treatment condition and "a condition specifying that the defendant shall not use or possess alcohol" "[i]f the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol"). Ortiz of course may always petition the district court to revise these conditions as he serves out his term of supervision. 18 U.S.C. § 3583(e).

## IV. Mental Health Treatment Condition

The fifth special condition that Ortiz challenges as procedurally unreasonable requires him to participate in a mental health treatment program. We disagree.

The district court imposed the condition "due to [Ortiz's] diagnosed mental health needs." App'x at 38. That explanation is "supported by the record," *Sims*, 92 F.4th at 119, which reflects Ortiz's history of mental health struggles. As such, the condition is procedurally reasonable.

## V. Contribution to Costs of Treatment Condition

Ortiz also brings a procedural challenge to the district court's imposition of a condition requiring him to contribute to the cost of any evaluation, testing, treatment, and/or monitoring services.

Once again, even assuming, as Ortiz argues, that the district court's explanation does not constitute a sufficiently "individualized assessment," its reasoning is "self-evident in the record." *Betts*, 886 F.3d at 202. As explained, due to his history of substance abuse and mental health struggles, Ortiz is subject to both substance abuse and mental health treatment conditions. His violations of supervised release involve similar conditions imposed after his drug trafficking conviction. It stands to reason that requiring him to contribute to the costs of treatment will encourage his compliance with the treatment. *See* Dep't of Program Servs., Overview of Probation and Supervised Release Conditions, U.S. CTS. 9-10 (2024), [https://perma.cc/8MWC-LRT6]; *see also United States v. Rasheed*, 981 F.3d 187, 198-99 (2d Cir. 2020) (upholding special conditions requiring contribution to the costs of treatment depending on the ability to pay). Accordingly, the district court did not err in imposing the special condition of supervised release.

## VI. Non-Association Condition

The final special condition that Ortiz challenges prohibits him from associating with "any member, associate, or prospect of the Almighty Latin King and Queen Nation street gang or any other criminal street gang." App'x at 39.

10

He contends that the phrase "any other criminal street gang" is impermissibly vague. Appellant Br. at 19. In *United States v. Green*, we rejected a vagueness challenge to this very phrase, holding that a person of ordinary intelligence would understand the meaning of "criminal street gang." 618 F.3d at 123-24. As such, Ortiz's argument is squarely foreclosed by precedent.

\*     \*     \*

We have considered Ortiz's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the district court's imposition of the special conditions of supervised release.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11